IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| RICO RANARD HURDLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:16-cv-510 |
| ) | |
| ERIC D. WILSON, Warden ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Rico Ranard Hurdle's ("Hurdle") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 5. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED,** and Hurdle's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2015, the United States District Court for the Eastern District of Virginia sentenced Hurdle to 120 months in prison and three years of supervised release for Possession

with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 6 at 4. The court also adopted a two point Special Offense Characteristic ("SOC") enhancement for possession of a dangerous weapon during the commission of the current offense. *Id.* at 5. Later, the Court reduced Hurdle's sentence to 66 months in prison pursuant to Federal Rule of Criminal Procedure 35, but retained his SOC enhancement. *Id.* at 4.

In September 2015, BOP's Designation and Sentence Computation Center ("DSCC") legal staff completed a Request for § 3621(e) Offense Review to determine whether Hurdle would be eligible for early release upon completion of the Residential Drug Abuse Treatment Program ("RDAP").[1] *Id.* The Offense Review Request identified that his conviction "involved the carrying, possession, or use of a firearm" and "present[ed] a serious potential risk of physical force against the person or property of another". *Id.*, attach. 2 at 9. Based upon these findings, BOP determined that Hurdle's conviction was a crime of violence which precluded early release pursuant to 18 U.S.C. § 3621(e)(2)(B). *Id.*

On March 9, 2016, Hurdle began the administrative process to appeal the DSCC's determination that he was ineligible for early release by filing a Request for Administrative Remedy. ECF No. 1 at 13. On March 24, 2016, BOP rejected Hurdle's complaint, affirming the previous determination within the Request for § 3621(e) Offense Review. *Id.* On April 11, 2016, Hurdle filed an appeal to the BOP's Mid-Atlantic Office, which subsequently denied the appeal on April 18, 2016. *Id.* at 14. On May 12, 2016, Hurdle appealed that decision to the BOP's General Counsel Office, who failed to respond. *Id.* at 15-16.

---

[1] RDAP is a BOP program with three phases of therapy for federal prisoners. BOP Program Statement P5331.02 § 11(a)(1-7). Phase one involves a residential unit-based component where prisoners split the day between treatment programs and work or educational programs. *Id.* Phase two requires follow-up services upon reentry to the general prison population. *Id.* Phase three is an extension of phase two involving transitional drug abuse treatment in a halfway house. *Id.* Hurdle completed the first phase of RDAP on July 15, 2016, and began the second phase in August 2016 when he filed his Petition. ECF No. 6, attach. 4 at 2.

2

On August 25, 2016, Hurdle filed the instant Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241, arguing that he should maintain the opportunity to seek early release because he was convicted of a non-violent crime and BOP improperly considered the SOC enhancement when evaluating his request. ECF No. 1 at 2-3. On February 13, 2017, Respondent filed a Motion to Dismiss, Memorandum in Support, and a *Roseboro* Notice. ECF Nos. 5-7. Respondent made three arguments in his motion: (1) Hurdle lacks standing to bring his claim because he has not completed the RDAP; (2) 18 U.S.C. § 3625 precludes judicial review of BOP's discretion concerning early release determinations; and (3) BOP's consideration of sentencing factors is an appropriate use of discretion to exclude inmates from early release. ECF No. 6. On March 6, 2017, Hurdle filed a Motion to Stay Proceedings upon resolution of his habeas petition pursuant to 28 U.S.C. § 2255, ECF No. 8, to which the Respondent responded on March 16, 2017 informing the Court that Hurdle voluntarily dismissed his § 2255 petition, ECF No. 10. Thereafter, the Court found Hurdle's Motion to Stay moot. ECF No. 11. On May 1, 2017, the undersigned ordered Hurdle to respond to the Respondent's Motion to Dismiss within 21 days of the order. ECF No. 12. Hurdle did not file a response and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. ANALYSIS

### A. Section 2241 and Exhaustion of Remedies

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation

3

of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

The federal district court may review a § 2241 habeas petition only after a petitioner exhausts his administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999). "Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (citing *Carmona v. United State Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). "Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, "exhaustion protects administrative authority [by] giv[ing] an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is [hauled] into federal court, and it discourages disregard of [the agency's procedures]." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (internal quotations omitted)). Second, exhaustion helps promote efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court. *Id.*

Accordingly, the BOP established the Administrative Remedy Program as set forth in 28 C.F.R. §§ 542.10-19, which outlines the procedure through which an inmate may seek formal review of an issue or complaint relating to his confinement. Generally, a prisoner must first attempt to resolve the matter through informal discussion with BOP staff. 28 C.F.R. § 542.13(a).

4

If this is unsuccessful, the inmate may then submit "a formal written Administrative Remedy Request, on the appropriate form" at his place of incarceration. *Id.* § 542.14. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15. Thereafter, an inmate may appeal "to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* This constitutes "the final administrative appeal." *Id.*

Here, Hurdle satisfied the requirement to exhaust his administrative remedies prior to filing a § 2241 habeas petition. Hurdle filed a formal complaint on March 9, 2016, and the BOP denied Hurdle's request for eligibility to obtain early release. ECF No. 1 at 13. On April 11, 2016, Hurdle appealed to the BOP's Regional Mid-Atlantic Office, which denied the appeal on April 18, 2016. *Id.* at 14. Hurdle subsequently appealed this decision within 30 calendar days by filing with the BOP's General Counsel Office on May 12, 2016. *Id.* at 15-16. That office constructively denied his appeal by failing to respond, which is the final step of the BOP's administrative remedies.[2] Additionally, the Respondent conceded that Hurdle exhausted his administrative remedies. ECF No. 6 at 5. Therefore, the undersigned **FINDS** Hurdle has exhausted his administrative remedies.

## B. Hurdle's Standing to Bring a § 2241 Claim

Respondent argued that Hurdle lacks standing on ripeness grounds to file a petition because he has not yet completed RDAP so his claims "rest upon contingent future events that may not occur as anticipated" and he "has not felt the effects of any administrative decision by the BOP 'in a concrete way.'" ECF No. 6 at 7 (citing *Nat'l Park Hospitality Ass'n v. DOI*, 538

---

[2] The absence of a response to an appeal to BOP's General Counsel Office is considered a denial under 28 C.F.R. § 542.18.

5

U.S. 803, 807-08 (2003)). Hurdle completed the first phase of RDAP on July 15, 2016, and began the second phase in August 2016 when he filed his Petition. *Id.*, attach. 4 at 2. Neither Hurdle nor the Respondent offered whether Hurdle ultimately completed the RDAP program after he filed his Petition. The undersigned cannot determine whether Hurdle's claim is ripe without notice as to whether Hurdle completed RDAP. *Whitaker v. Stansberry*, No. 3:08CV662, 2009 WL 3762320, at *2 (E.D Va. Nov. 9, 2009) ("Because the Court cannot determine whether Whitaker's claim is ripe for disposition without confirmation of his completion of RDAP, and because the parties have had time to supplement the record if they desired, the Court will review Whitaker's petition on the merits in the interest of justice.") Therefore, the undersigned will review the merits of Hurdle's Petition.

### C. 18 U.S.C. § 3625 Precludes Judicial Review of the BOP's Decision

For the following reasons, the undersigned agrees with the Respondent that Hurdle's challenge to the BOP's early release determination is precluded from judicial review under 18 U.S.C. § 3625. Respondent argued that "[t]o the extent Hurdle's Petition is construed as a direct challenge to the BOP's early release determination under the Administrative Procedures Act ("APA"), 18 U.S.C. § 3625 precludes this Court from considering such challenge." ECF No. 6 at 8. Although the APA allows individuals to bring civil suits challenging agency actions, under 5 U.S.C. § 702, courts may not review civil claims challenging an agency's action if it is "preclude[d] [from] judicial review" or the "agency action is committed to agency discretion by law." *Id.* at § 701(a). In 18 U.S.C. § 3625, Congress expressly barred Hurdle's claim because the provisions permitting judicial review of agency action "do not apply to the making of any determination, decision or order under this subchapter." Thus, because the BOP acted pursuant

to 18 U.S.C. § 3621 in determining Hurdle's eligibility for early release, the undersigned **FINDS** that the BOP's determination is precluded from judicial review.

### D. BOP's Consideration of Sentencing Factors

Even if judicial review were permissible, the Supreme Court concluded that the BOP has authority to categorically exclude prisoners from early release based upon pre-conviction conduct. *Lopez v. Davis*, 121 S. Ct. 714, 718 (2001). The Court further opined, "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision" *Id.*

The Fourth Circuit provides that "the BOP has discretionary authority to deny inmates with a two-point weapons enhancement the one-year sentence reduction after successfully completing a Residential Drug Abuse Program." *United States v. Smith*, No. 04-4700, 2005 WL 2764817, at *1 (4th Cir. Oct. 26, 2005). Regarding judicial review of the BOP's discretionary authority, this court has already concluded that "judicial review of those subsections [referring to 18 U.S.C. § 3621(e)(2)(B)] is specifically excluded under the [Administrative Procedures Act] APA by the express terms of § 3625." *Reed v. Wilson*, No. 1:14cv652, 2015 WL 5165125, at *3 (E.D. Va. Sept. 2, 2015). The court specifically concluded that "the decision to admit an inmate to RDAP or to its early release eligibility is reserved to the sole discretion of the BOP." *Id.*

Contrary to Hurdle's contention, there is clear governing precedent which permits the BOP to utilize SOC firearm enhancements in early release determinations. During Hurdle's sentencing, this Court issued a two point SOC enhancement for possession of a firearm at the time of his conviction. BOP Program Statement P5162.05 § 4(b) explains that once an inmate is convicted under 21 U.S.C. § 841 and the Court issues an SOC firearm enhancement, "the inmate

7

will not receive certain Bureau program benefits." ECF No. 6, attach. 1 at 10. In evaluating Hurdle's eligibility for early release, the DSCC legal staff abided by the BOP's Program Statement P5162.05 § 4(b) and lawfully exercised their discretionary authority. Thus, the BOP's consideration of Hurdle's SOC enhancement was an appropriate use of discretion in precluding him from early release.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Hurdle's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Hurdle is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 29, 2017